IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ABDULMALIK MUHAMMAD EL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:24-cv-1814 (LMB/WEF) |
| VIRGINIA DEPARTMENT OF SOCIAL SERVICES, et al., | ) ) ) ) |
| Defendants. | ) |

ORDER

On October 15, 2024, plaintiff Abdulmalik Muhammad El ("plaintiff"), pro se, filed a Complaint against defendants Virginia Department of Social Services, Georgia Department of Social Services, Prince William County Juvenile and DR [sic] District Court, and Fairfax County Juvenile and DR [sic] District Court alleging unspecified violations of approximately 18 federal statutes, federal treaties, and provisions of the United States Constitution. [Dkt. No. 1].[1]

Although plaintiff has paid the required filing fee, the Court has an independent obligation to ensure that pleadings "raise a right to relief" such that a claim is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court plays an important gatekeeping function, ensuring that claims meet a plausibility threshold before a defendant is subjected to the potential rigors and costs of litigation. See Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although this Complaint must be afforded a liberal construction

---

[1] On September 25, 2023, plaintiff filed a substantially similar complaint in this court, naming the same four defendants and ten others. See El v. Virginia Department of Social Services, et al., No. 1:23-cv-1293-MSN-IDD (E.D. Va. Sept. 25, 2023), ECF No. 1. That lawsuit was dismissed on July 22, 2024 for failure to prosecute. See id. at ECF No. 5. The docket sheet reflects that for the ten months between filing the complaint and dismissal, plaintiff neither paid the filing fee nor served the defendants with copies of the summons or complaint.

because plaintiff is proceeding pro se, liberal construction does not save a complaint as vague as plaintiff's from dismissal. Accord Naja v. Zahir, 2021 WL 5348671, at *5 (E.D. Va. Nov. 16, 2021).

Most fatal to the Complaint is that it fails to establish federal subject matter jurisdiction. There is not complete diversity of citizenship because plaintiff and three of the defendants are Virginia citizens or entities.[2] The Complaint also fails to plead a federal question. Simply listing a series of federal laws[3] does not raise a federal question; rather, the facts alleged in a complaint must show that the claim or claims "aris[e] under" federal law. See U.S. Constitution Art. III, Sec. 2. It is unclear from the allegations in the Complaint what conduct occurred by which defendants that constituted violations of any of the laws listed. Finding that neither diversity of citizenship nor any federal question is adequately alleged, the Court lacks subject matter jurisdiction to adjudicate this civil action.

Second, none of the four defendants may be sued in federal court. Under the Eleventh Amendment to the United States Constitution and Supreme Court, states may not be sued by private individuals in federal court. See Bd. of Trustees of U. of Alabama v. Garrett, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). Moreover, "sovereign immunity bars suit not only against a state, but also against an instrumentality of a state, such as a state agency, sometimes referred to as an 'arm of the state.'" Doe v. Comty. Coll. of Baltimore Cnty., 595 F. Supp. 3d 392, 410 (D. Md. 2022) (citing Pennhurst State Sch. & Hosp. v.

---

[2] Plaintiff alleges that he is an "American Moor of the Yamassee Nation," but that does not negate the fact that plaintiff is also a citizen of Virginia.

[3] The Complaint lists approximately 18 laws as being at issue in the case, including "Treaty of Peace and Friendship . . . U.S. Constitution Art. 3, Art. 4 Sec. 4; 18 USC 242; 18 USC 1581(a); Peonage Act; . . . [and the] Universal Dec. of Human Rights Art. 2, 3, 4, 7."

Halderman, 465 U.S. 89, 101–02 (1984)). Courts are generally considered "arms of the state." See Tennessee v. Lane, 541 U.S. 509, 527 (2004) ("[T]he provision of judicial services [is] an area in which local governments are typically treated as 'arm[s] of the State' for Eleventh Amendment purposes."). Because the Virginia and Georgia Departments of Social Services are state agencies, and because state courts are considered "arms of the state," plaintiff's claims against them are barred by the Eleventh Amendment.

Third, the Complaint's factual allegations are too vague and conclusory to "raise a right to relief" under any of the legal provisions listed that is "plausible on its face." Iqbal, 556 U.S. at 678. For example, plaintiff does not describe with particularity which actions by which defendants constituted violations of any of the constitutional and statutory provisions asserted. Plaintiff's entire statement of the claim consists of three sentences:

> I am an autochthonous American. The rights and nationality of my children and I have been, and continue to be deprived by the defendants collectively in their effort to maintain their minimum standards set forth by their corporate Strategic Plans needed to receive and/or maintain federal funding. Through false claims and misrepresentation, the defendants continue to exploit my children and I to achieve their financial goals.

[Dkt. No. 1] at 5. These statements do not state a legally cognizable cause of action.

Finally, the amount of damages sought in the Complaint—$50,000,000—is a strong indication of the meritless nature of the claim. Accord Anderson v. Pollard, 2020 WL 9349174, at *2 (E.D. Va. Aug. 24, 2020) (dismissing a cause of action as frivolous partly on the basis of a pro se plaintiff seeking $75,000,000 in damages).

For the reasons stated, it is hereby

ORDERED this civil action be and is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to mail a copy of this Order to plaintiff Abdulmalik Muhammad El, pro se, at his address of record and close this civil action.

Entered this 18th day of October, 2024.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge